UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RODNEY DEMETRIUS BARNES, | Civil Action No. 24-10294 |
| Plaintiff, | David M. Lawson<br>United States District Judge |
| v. | David R. Grand<br>United States Magistrate Judge |
| FEDERAL GOVERNMENT, *et al.*, | |
| Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION TO *SUA SPONTE* DISMISS PLAINTIFFS' COMPLAINT (ECF No. 1) UNDER 28 U.S.C. § 1915(e)**

**I.    RECOMMENDATION**

On February 5, 2024, *pro se* plaintiff Rodney Barnes ("Barnes") filed the complaint in this case against defendants "Federal Government U.S. Government" and "State Government" ("Defendants"). (ECF No. 1). On February 28, 2024, the Court granted Barnes's application to proceed *in forma pauperis*. (ECF No. 5). Pursuant to 28 U.S.C. § 636(b), the case was referred to the undersigned for general case management, including for screening of the complaint under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a). (ECF No. 6).

Once a complaint is filed *in forma pauperis* under 28 U.S.C. § 1915(a), the court must test its sufficiency under § 1915(e)(2)(B), which provides that a court "shall dismiss" an *in forma pauperis* complaint "at any time" if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see*

*also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (noting that while Congress enacted 28 U.S.C. § 1915 to "ensure that indigent litigants have meaningful access to the federal courts," it also "recognized . . . that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.").

Although the Court must liberally construe complaints filed by *pro se* litigants, *see*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), such litigants must nevertheless satisfy the basic pleading requirements in Fed. R. Civ. P. 8(a), including the requirement that a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The rule's purpose is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation omitted). While this notice pleading standard does not require highly detailed factual allegations, it does require more than the bare assertion of legal principles or conclusions. *See id.* at 555.

In general, to state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555, 570. The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To the contrary, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to prevent a complaint from being dismissed on

2

grounds that it fails to sufficiently comport with basic pleading requirements. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009).

Under these standards, even liberally construed, the vague and incomprehensible allegations set forth in Barnes's civil complaint are frivolous and, at a minimum, fail as a matter of law to state a claim for relief. Specifically, the complaint's "Statement of Claim" alleges as follows:

> Im suing the United States Government Im suing the United States Government im taking a lie detector test. I wanna take a lie detector test. Yall can ask me [] Im the only real one. Im suing because im real and I don't lie.

(ECF No. 1, PageID.5). The complaint's "Relief" section similarly alleges, "Im suing the U.S. Government because im the only real one and im taking a lie detector test." (*Id.*, PageID.6). Under "Additional Information," Barnes's allegations are completely incomprehensible and are unrelated to stating an actual claim for relief, such as "Im one Blood," "Im the Boss," "Im controlling," "Im the highest rank" "I don't lose or hate," and "Im a Killer." (*Id.*, PageID.7).

The above reflects that Barnes's complaint is entirely devoid of facts that would support a legal claim against any of the Defendants in this case, making dismissal of his complaint proper. *See Baker v. Noronha*, No. 12-10642, 2013 WL 1720803, at *3 (E.D. Mich. Feb. 27, 2013) ("Where a person is named as a defendant without an allegation of specific conduct, the complaint against him is subject to dismissal, even under the liberal construction afforded to *pro se* complaints."); *Iqbal*, 556 U.S. at 678 (stating the court is

3

"not bound to accept as true a legal conclusion couched as a factual allegation").

In short, Barnes's complaint is completely incomprehensible and merely repeats statements that appear unconnected to any particular wrongful conduct by any particular defendant, and it clearly fails to state a claim for relief under the basic pleading standards discussed above. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.

## III. CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that this action be **DISMISSED** *SUA SPONTE*, pursuant to 28 U.S.C. § 1915(e)(2)(B).

Dated: March 15, 2024  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
  United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any

objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 15, 2024.

                                                s/Eddrey O. Butts
                                                EDDREY O. BUTTS
                                                Case Manager